Freedman, J. (Concurring).
The defendant was lawfully in possession of the premises under a lease which had not expired. The action to recover dam *224 ages for the removal of the partitions was therefore analogous to the former action for waste. To sustain such action, plaintiff must show, an injury to freehold or reversion, or, in other words, to his own estate.
There was evidence that should have been submitted to the jury, upon which the jury might have found a license. But that question was not submitted to them, the court holding, in effect, but erroneously, in my judgment, that, as matter of law, no license had been shown.
The case was submitted to the jury on the theory that the plaintiff was under all circumstances entitled to some damages. They were instructed that, if the act complained of constituted a single trespass, which did not injure „the building permanently, the plaintiff was to be paid just simple damages. If, on the contrary, it affected the building permanently, then the court might treble the damages as found by the jury.
As to the damages to be found they were charged as follows:
“ Now, in order to come to a conclusion of what the plain, simple damage had been in the removal of these partitions, you. will take into consideration the plaintiff’s witnesses. They have given you the damage in the neighborhood of $90. Then you have to turn and look at the defendant’s witnesses, and they have given you $35 or $36. It is for you to say which of these are right, and it is your province to say that both are exaggerated,—on the one hand too much, and on the other too little.”.
And finally they were told to render a separate answer, either in the affirmative or negative, as to whether' or not the removal of the partitions caused permanent ór lasting damage.
The jury found that no damage whatever had been sustained, and they rendered a verdict for defendant.
This verdict was to some extent against the charge *225 of the court, but I am not prepared to say that it was against evidence. The sum of §90, named by plaintiff’s witnesses, and the sum of $35 or $36, named by defendant’ s witnesses, represented their respective opinions as to the cost of the restoration of the partitions. But the jury, in determining the question of damages, had a right to look beyond the evidence of the cost of restoration. Alterations are not necessarily acts of waste. In some instances they may even be, as is claimed by the defendant to have been in this case, a benefit to the estate. Nor did the plaintiff claim to recover for the mere value of the materials which had composed the partitions.
Inasmuch, therefore, as the manner in which the case was submitted to the jury was more favorable to the plaintiff than he was entitled to, and the jury, notwithstanding such fact, have found that he sustained no injury, the controversy should not be reopened. The trial judge seems to have entertained the same view, for he denied plaintiff’s motion to set aside the verdict and for a new trial.
For the foregoing reasons, the judgment and order should be affirmed, with costs.